■ DANIEL SALTZBERG, as Administrator of the Estate of JEFFREY SALTZBERG, Deceased, Respondent, v. KIAMESHA CONCORD, INC., et al., Appellants-Respondents, and MAC KINSBRUNNER, Respondent.— In an action by plaintiff-administrator to recover damages for his intestate's conscious pain and suffering and death, in which (a) the cause of action for conscious pain and suffering was dismissed at the end of plaintiff's case as to all defendants, (b) the complaint was dismissed as to defendant Mac Kinsbrunner at the end of plaintiff's case, and (c) the jury's verdict in favor of the plaintiff against the remaining defendants in the sum of $100,000 was set aside as excessive and reduced by the Trial Justice to $43,300, with the consent of the plaintiff, the remaining defendants appeal as follows from a judgment of the Supreme Court, Kings County, entered January 19, 1965: (1) The defendants Kiamesha Concord, Inc. (also known as Concord Hotel) and Lee Berman appeal from so

much of the judgment as: (a) awards damages to plaintiff against them in the aggregate sum of $53,754.20; and (b) directs that their cross complaint against the defendant Otis Elevator Co., be dismissed; and (2) The defendant Otis Elevator Co., appeals, as limited by its brief, from so much of said judgment as: (a) awards damages to plaintiff against it in the aggregate sum of $53,754.20; and (b) directs that its cross complaint against the defendants Lee Berman, Mac Kinsbrunner and Kiamesha Concord, Inc., be dismissed. Judgment, insofar as appealed from, reversed on the law and the facts to the following extent only: the cause of action to recover damages for the allegedly wrongful death of plaintiff's intestate, solely as against the defendants Kiamesha Concord, Inc. (also known as Concord Hotel), Otis Elevator Co. and Lee Berman is severed, and a new trial is granted as between plaintiff and said defendants, limited to said cause of action, with costs to abide the event, unless, within 30 days after entry of the order hereon, plaintiff shall serve and file a written stipulation consenting to further reduce the damage award from $43,300 to $25,800, consisting of $25,000 damages for the decedent's death in addition to $800 funeral expenses; to reduce the interest proportionately; and to the entry of an amended judgment accordingly, in which event the judgment as so reduced and amended, and insofar as appealed from by the respective parties, is affirmed, without costs. In our opinion, under all the circumstances, the amount of damages, even as reduced by the Trial Justice, was excessive to the extent indicated. It is also our opinion that upon adequate findings that (as between them *inter se*) the alleged negligence of the appellants was concurrent, and that they were *in pari delicto*, the Trial Justice properly dismissed their respective cross complaints. Christ, Acting P. J., Hill, Rabin, Hopkins and Benjamin, JJ., concur.